PROB 12C
(04/08)

August 3, 2017
pacts id: 1460701

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ricardo Juan Diego HOYOS (English)     **Dkt No.:** 15CR01345-001-AJB

**Reg. No.:** 49774-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i), Transportation of Certain Aliens and Aiding and Abetting a Class C felony.

**Date of Revocation Sentence:** November 15, 2016

**Sentence:** Time Served (77 days) in custody; two years supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** November 23, 2016

**Asst. U.S. Atty.:** Lawrence E. Spong     **Defense Counsel:** Janice M. Deaton
(Appointed)
(619) 241-2109

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Ricardo Juan Diego HOYOS                                      August 3, 2017
Docket No.: 15CR01345-001-AJB                                                              Page 2

The probation officer believes that the offender has violated the following condition of supervision:

| CONDITION | ALLEGATION OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** Notify the probation officer ten days prior to any change of residence or employment. *(nv11)* | 1.  On or about July 5, 2017, Mr. Hoyos changed his place of residence without notifying the probation officer. |

***Grounds for Revocation:*** As to Allegation 1, on July 13, 2017, I contacted staff at the Salvation Army Adult Rehabilitation Center in San Diego, California; Mr. Hoyos' last reported address. The program intake director stated the offender completed the program on July 5, 2017, and left the program. He did not have a new address or telephone number for the offender. I attempted to contact the offender using his last known cell phone number with no success. Mr. Hoyos has failed to contact the probation officer to notify of his change in residence and his whereabouts are unknown.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Upon release from custody in November 23, 2016, Mr. Hoyos entered the Salvation Army Adult Rehabilitation Center in San Diego, California. He was progressing well in the program with no problems noted. When we discussed his aftercare plans, he stated he wanted to remain in the program for a little longer as he liked the structure and support it offered. The program allows individuals to remain at the program for up to 12 months. In June 2017, I received a voice message from the offender indicating he had been able to find a job, and was going to finish the treatment portion of the program shortly. On July 13, 2017, I went to the program to speak with the offender. It was at this time I was told Mr. Hoyos had successfully completed the program on July 5, 2017, and moved out. The program did not have a forwarding address or telephone number to reach him. I tried contacting the offender, and his mother, on the last numbers I had for both of them with no success. At this point I have not had any contact from the offender since he left the program and his whereabouts are unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hoyos has a prior juvenile record for robbery and extensive arrests/convictions as an adult for offenses involving weapons and violence. Due to the number of convictions, Mr. Hoyos' Criminal History Category is VI.

As previously mentioned, Mr. Hoyos advised this officer in June, 2017 that he had secured employment. Unfortunately, this officer has no additional information or details on the job.

The offender is single and reportedly has three children, ages 18, 12 and 2; but has no parental rights.

PROB12(C)
Name of Offender: Ricardo Juan Diego HOYOS          August 3, 2017
Docket No.: 15CR01345-001-AJB          Page 3

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report change of residence) constitutes a Grade C violation. USSG §7B1.1(a)( 3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>33 months, 13 days</u> supervised release, less any term of imprisonment imposed upon revocation. *The court has imposed an aggregate of 77 days custody in this case.* 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Hoyos has changed his address and his whereabouts are unknown. As of the date of this report, he has not make any contact with me regarding his whereabouts. It is noted Mr. Hoyos' previous term of supervised release was revoked due to new criminal activity, drug use, and absconding for supervision. For these reasons, warrant is respectfully requested.

PROB12(C)
Name of Offender: Ricardo Juan Diego HOYOS                          August 3, 2017
Docket No.: 15CR01345-001-AJB                                              Page 4

## RECOMMENDATION/JUSTIFICATION

If found in violation, it is recommended supervised release be revoked, and Mr. Hoyos be sentenced to 11 months in custody with one year of supervised release to follow. While he has successfully completed a residential treatment program, he has once again absconded from supervision and breached the Court's trust.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:**  August 3, 2017

Respectfully submitted:                          Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER


by _____                    _____
Peter Nover                                      Lori A. Faubel
Sr. U.S. Probation Officer                       Supervising U.S. Probation Officer
(619) 557-5616

                                                 Mac  for  PJK

PROB12CW

August 3, 2017

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  HOYOS, Ricardo Juan Diego

2. **Docket No. (Year-Sequence-Defendant No.):**  15CR01345-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation | Grade |
|---|---|
| failure to report change of residence | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))                          [   VI   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [   8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence:**  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: Ricardo Juan Diego HOYOS                          August 3, 2017
Docket No.: 15CR01345-001-AJB                                              Page 6

## THE COURT ORDERS:

___✓___ AGREE.   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATION.

_____ DISAGREE.   THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____


_____          ____8/8/17____
The Honorable Anthony J. Battaglia                      Date
U.S. District Judge